IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TORRES ANTWAN BURROUGHS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**FNU HILL,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:22-cv-00272-TES-TQL** |

### ORDER

On May 19, 2023, Plaintiff Torres Burroughs "filed" Objections [Doc. 41] to the magistrate judge's Recommendation, along with a Motion for Extension of Time to File Objections [Doc. 42]. However, both documents were signed by someone other than Plaintiff. *See* [Doc. 41, p. 4 (signed "by POA")]; [Doc. 42 (same)]. Even more, the filings were mailed from "S. Burroughs" at 6 Mossy Court, "Sav'h, GA" 31419. [Doc. 41-10]. Plaintiff, however, is currently housed at Wilcox State Prison in Abbeville, Georgia. [Doc. 35]; [Doc. 36].

It is black-letter law that a non-lawyer cannot represent someone in a legal proceeding. That includes those purporting to act under power of attorney. *Jacox v. Dep't of Def.*, No. 5:06CV182 HL, 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("By its own terms [28 U.S.C.] § 1654 requires those persons who seek to represent themselves in federal courts to do so 'personally,' thereby foreclosing on the possibility that such

representation could occur by proxy."); *Brown v. Great N. Ins. Co.*, No. 2:14-CV-00015-RWS, 2015 WL 898357, at *10 (N.D. Ga. Mar. 3, 2015) ("Consequently, the existence of a power of attorney does not authorize a non-lawyer to conduct legal proceedings on behalf of a pro se litigant[.]"). Further, Federal Rule of Civil Procedure 11 requires each pleading filed in a federal court to be signed personally by the party representing themselves. Fed. R. Civ. P. 11. Rule 11 further instructs courts to strike a document that is improperly signed. Accordingly, the Court **STRIKES** Plaintiff's Objections [Doc. 41].

As to Plaintiff's Motion for Extension of Time to File Objections, the Court previously granted Plaintiff additional time to file his objections. *See* [Doc. 40 (extending the deadline for objections to May 29, 2023)]. Therefore, the Court **DENIES** Plaintiff Motion for Extension of Time [Doc. 42]. **Plaintiff must file any objections on or before May 29, 2023.**

**SO ORDERED**, this 19th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**