IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TORRES ANTWAN BURROUGHS, | : |
| Plaintiff, | : |
| VS. | : |
| | : 5 : 22-CV-272 (TES) |
| WARDEN WALTER BERRY, | : |
| Defendant. | : |

## RECOMMENDATION

Pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion for Summary Judgment filed on behalf of the Defendant. (Doc. 62). Plaintiff was notified of the filing of the Defendant's Motion for Summary Judgment, advised of his obligations under the law, and directed to respond to the motion within thirty (30) days. (Doc. 63). Plaintiff has not filed a response to Defendant's motion.

**Background**

Plaintiff filed this action in 2021 in the U.S. District Court for the Southern District of Georgia. (Doc. 1). The case was transferred to this Court on July 25, 2022. (Docs. 20, 21). The Court ordered Plaintiff to file a recast Complaint, his prisoner account statement, pay an initial partial filing fee, and issued several show cause orders upon Plaintiff's failure to timely respond to these orders. (Docs. 23, 24, 29, 33, 34). By Order dated May 2, 2023, Plaintiff's deliberate indifference to a serious medical need claim was allowed to proceed against Defendant Walter Berry (hereafter, "Defendant Berry"). (Doc. 37).

In his recast Complaint, Plaintiff contends that he suffers from sickle cell disease. (Doc. 28). In the claim that was allowed to proceed against Defendant Berry, the Warden at Baldwin

State Prison, Plaintiff alleges that Defendant Berry was aware of Plaintiff's need for surgery to correct avascular necrosis of his left hip, but that Defendant Berry failed to help Plaintiff get the treatment he needed. (Doc. 37, pp. 5-6). Plaintiff alleges that Defendant Berry told Plaintiff that he was scheduled for surgery in January 2021, but that this surgery did not occur, leaving Plaintiff in constant pain. *Id.* at p. 6.

## Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

As the party moving for summary judgment, Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Defendant has supported his summary judgment motion with Defendant's declaration and portions of Plaintiff's medical records. (Docs. 62-3 – 62-6). Defendant seeks summary judgment based on a lack of evidence of deliberate indifference and qualified immunity. (Doc. 62-1).

**Defendant's declaration**

In his declaration, Defendant Berry states that he was the Warden at Baldwin State Prison during the time of the alleged constitutional violations, to wit, January 2021. (Doc. 62-3, ¶ 2). Berry states that he "was unaware of any alleged surgery that was scheduled or needed for plaintiff in January 2021, or at any time thereafter. I never told plaintiff that surgery was scheduled in January 2021, and, as Warden, I would not have been involved in that medical decision. Plaintiff never spoke to me about any delay in or scheduling of surgery for avascular necrosis or any other condition." *Id.* at ¶ 4.

**Medical records**

The undisputed records attached to Defendant's Motion for Summary Judgment show Plaintiff's prison activity, medical consult history, and current medical treatment, which evidence Plaintiff's medical treatment and consultations. (Docs. 62-4 – 62-6). These records do not indicate or reveal that Plaintiff was scheduled for surgery in January 2021. *Id.*

*Analysis*

It is well established that prison personnel may not subject inmates to "acts or omissions

3

sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing *Estelle*, 429 U.S. at 104). To prove a deliberate indifference to medical needs claim, a plaintiff must show: (1) "an objectively serious medical need"; and (2) "that the prison official acted with deliberate indifference to that need." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004). Lastly, a plaintiff must show causation between that indifference and the plaintiff's injury. *Mann v. Taser Intern., Inc.,* 588 F.3d 1291, 1306-1307 (11th Cir. 2009).

The first prong is objective, and the plaintiff must allege facts showing that he had a serious medical need.

> [A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. . . .  In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks and citations omitted).

In regard to the second element, a defendant's deliberate indifference,

> a [] plaintiff must show that the defendant acted with "subjective recklessness as used in the criminal law," and that in order to do so, the plaintiff must demonstrate that the defendant actually knew that his conduct – his own acts or omissions – put the plaintiff at substantial risk of serious harm. . . . [E]ven if the defendant "actually knew of a substantial risk to inmate health or safety," he cannot be found liable under the Cruel and Unusual Punishment Clause if he "responded reasonably to th[at] risk."

*Wade v. McDade,* 106 F.4th 1251, 1253 (11th Cir. 2024), *citing Farmer v. Brennan,* 511 U.S. at 839, 844.

"The criminal law standard finds recklessness 'only when a person disregards a risk of harm of which he is aware.' Generalized awareness of a serious medical need is insufficient to state a claim of deliberate indifference." *Collins v. Ferrell,* 2024 WL 4677418 * (11th Cir. 2024), *quoting Wade,* 106 F.4th at 1258.

Additionally, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

Although Plaintiff has failed to respond to Defendant's summary judgment motion, summary judgment is not properly awarded by default. *Trustees of Cent. Pension fund of Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Serv., Inc.,* 374 F.3d 1035, 1039-40 (11th Cir. 2004). The Court "must consider the merits of the motion" under the summary judgment standard set out in Rule 56. *Id.* at 1039. As Plaintiff has failed to rebut Defendant's Statement of Material Facts, Defendant's Statement of Material Facts may be accepted by the Court as undisputed. Fed. R. Civ. P. 56(e)(2); LR 56, MDGa.

Even viewing the facts in the light most favorable to Plaintiff as the nonmoving party, Plaintiff has failed to rebut Defendant's summary judgment showing that he was not aware of any scheduled or needed surgery for Plaintiff, did not tell Plaintiff he was scheduled for surgery in January 2021, and did not ignore Plaintiff's serious medical needs.

"Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the

level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle*, 429 U.S. 97 and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). Plaintiff has failed to establish that Defendant Berry was aware of yet disregarded a serious medical condition or worsening of Plaintiff's condition during the time period at issue. Plaintiff has alleged that he was scheduled for surgery in January 2021, but the medical records submitted by Defendant in support of his summary judgment motion do not show the scheduling or cancelling of any surgery in January 2021, or in the preceding or following months. Plaintiff has failed to rebut Defendant's summary judgment showing that Defendant Berry was not actually aware that "his own conduct caused a substantial risk of serious harm to the plaintiff". *Wade,* 106 F.4th at 1262.

***Qualified immunity***

"To receive qualified immunity, government officials must first establish that they were acting within their discretionary authority during the events in question. *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013). Discretionary authority includes all actions of a government official that '(1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority.'" *Creighton v. Smith*, 2019 WL 4145608 * 5 (S.D. Ga. Aug. 7, 2019)(quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988))(internal citations omitted). There is no dispute that Defendant Berry acted within his discretionary authority while performing his duties as warden. For the foregoing reasons stated herein above, Plaintiff cannot meet his burden of proving that Defendant Berry is not entitled to qualified immunity.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and

(2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). As the Court finds no constitutional violation based on the facts provided, Defendant is entitled to qualified immunity. *Baltimore v. City of Albany, Ga.*, 183 F. A'ppx 891, 896 (11th Cir. 2006).

### *Conclusion*

As Plaintiff has failed to rebut Defendant's summary judgment showing that Defendant Berry was not deliberately indifferent to a serious medical condition, it is the recommendation of the undersigned that Defendant Berry's Motion for Summary Judgment be **GRANTED.** (Doc. 62).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting

and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 23rd day of April, 2025.

s/ *Alfreda L. Sheppard*
**UNITED STATES MAGISTRATE JUDGE**