IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TORRES ANTWAN BURROUGHS,** *Plaintiff,* v. **Warden BERRY,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00272-TES-ALS** |

**ORDER**

On February 6, 2025, the sole remaining Defendant in this action—Warden Berry—filed a Motion for Summary Judgment [Doc. 62]. The Court issued its usual Notice to Pro Se Party of Motion for Summary Judgment [Doc. 63] informing Plaintiff of his responsibility to respond to Warden Berry's Motion—and the consequences of failing to do so. Plaintiff did not file a response. Instead, he filed multiple versions of the Court's pre-trial order.

On April 23, 2025, Judge Sheppard entered a Report and Recommendation ("R&R") [Doc. 64] recommending that the Court grant Warden Berry's Motion for Summary Judgment [Doc. 62]. Plaintiff responded by filing three documents. First, Plaintiff filed an "Appeal [of the] Report and Recommendation" [Doc. 65]. Second, he filed a Motion for Preliminary Injunction [Doc. 66]. And, finally, Plaintiff filed a Motion for Issuance of Subpoenas [Doc. 67]. Based on the timing of the filing (post-R&R) and

the clear instructions regarding Plaintiff's opportunity to object to the R&R, the Court **CONSTRUES** Plaintiff's Appeal of the Report and Recommendation as Objections to Judge Sheppard's R&R. Therefore, as to the portions of the R&R to which Plaintiff objected, the Court reviews Judge Sheppard's Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1). All other portions of the R&R are reviewed for clear error. *Id.*

Plaintiff argues in his Objections that he attempted to mail a response to Warden Berry's summary-judgment motion, but the Court never received the filings. [Doc. 65]. However, Plaintiff's exhibits show mailings sent from Savannah, Georgia to Unadilla, Georgia. [Doc. 65-2]. Likewise, the tracking number Plaintiff provided shows a package that was also sent from Savannah to Unadilla. [Doc. 65]. Therefore, Plaintiff's evidence does not show any attempt to mail documents to this Court. Even worse, Warden Berry's summary-judgment Motion was filed on February 6, 2025. [Doc. 62]. But, Plaintiff's shipping receipts show a shipping date of January 27, 2025. [Doc. 65-2]; [Doc. 65-3]. Therefore, the exhibits could not have been responsive to Warden Berry's Motion.

Regardless, if Plaintiff intended to dispute Warden Berry's Motion—or Judge Sheppard's R&R—he needed to make those arguments in his Objections. He didn't. Accordingly, the Court reviews Judge Sheppard's R&R for clear error and finds none.[1]

Having considered the Recommendation, the Court agrees with Judge

---

[1] Even if the Court reviewed Judge Sheppard's R&R *de novo*, the result would be the same. Plaintiff failed to show that Warden Berry was subjectively aware that his own conduct caused a substantial risk to Plaintiff. [Doc. 64, p. 6 (citing *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024)].

Sheppard's findings and conclusions. Therefore, the Court **ADOPTS** Judge Sheppard's Recommendation [Doc. 64] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the Court **DISMISSES** Plaintiff's claims against Warden Berry.[2] Because Warden Berry is the sole remaining Defendant, the Clerk of Court is **DIRECTED** to **ENTER** Judgment and **CLOSE** this case.

    **SO ORDERED**, this 6th day of May, 2025.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[2] Based on that ruling, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction [Doc. 66] and Motion for Issuance of Subpoena [Doc. 67] **as moot**.